# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

## VENUE: SAN FRANCISCO



# CR 09  0862

## MHP

## UNITED STATES OF AMERICA,

### V.

### DONALD DANIELS,
### MARTIN WILLIAM WASHBURN,
### TAPANI KOIVUNEN, and
### IRINA REBEGENEAU

### DEFENDANT(S).

---

# INDICTMENT

18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud
18 U.S.C. § 1343 – Wire Fraud
18 U.S.C. §1956(h) – Conspiracy to Commit Money Laundering
18 U.S.C. §§1956(a)(2)(A) and 2 – Money Laundering and Aiding
and Abetting

---

A true bill.

_____
                          Foreman

Filed in open court this _277__ day of

_August_

_____
ADA YIU                    Clerk

Bail, $ _No bail_ warrant for each defendant

BERNARD ZIMMERMAN

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT　☐ INFORMATION　☒ INDICTMENT

☐ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

AUG 27 SAN FRANCISCO DIVISION

━━━ OFFENSE CHARGED ━━━

See attached

☐ Minor

☐ Misde-meanor

☒ Felony ✚

PENALTY:

See attached

DEFENDANT - U.S. DISTRICT COURT

▶ DONALD DANIELS

DISTRICT COURT NUMBER

CR 09　　　0862　　*MHP*

━━━ DEFENDANT ━━━

**IS *NOT* IN CUSTODY**

1) ☒ Has not been arrested, pending outcome this proceeding.
　　If not detained give date any prior
　　summons was served on above charges ▶ n/a

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction }　☐ Federal　☐ State

6) ☐ Awaiting trial on other charges

　　If answer to (6) is "Yes", show name of institution

━━━ PROCEEDING ━━━

Name of Complainant Agency, or Person (& Title, if any)

FBI, Ken Bagchi

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:　　　SHOW DOCKET NO.

　☐ U.S. ATTORNEY　☐ DEFENSE }

☐ this prosecution relates to a pending case involving this same defendant　　MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Has detainer ☐ Yes　If "Yes"
been filed?　☐ No　give date filed

DATE OF ARREST ▶　Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶　Month/Day/Year

Name and Office of Person Furnishing Information on this form　JOSEPH P. RUSSONIELLO

☒ U.S. Attorney　☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)　Christine Wong/Peter Axelrod

☐ This report amends AO 257 previously submitted

━━━ ADDITIONAL INFORMATION OR COMMENTS ━━━

PROCESS:

☐ SUMMONS　☐ NO PROCESS*　☒ WARRANT　Bail Amount: None

If Summons, complete following:
☐ Arraignment　☐ Initial Appearance

Defendant Address:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time:　　　　　　　　Before Judge:

Comments:

Penalties

Count One: 18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud

1.   Imprisonment:          Maximum 30 years
2.   Fine:                  Maximum $1,000,000
3.   Supervised release:    5 years
4.   Special assessment:    $100

Count Five: 18 U.S.C. § 1343 – Wire Fraud

1.   Imprisonment:          Maximum 30 years
2.   Fine:                  Maximum $1,000,000
3.   Supervised release:    5 years
4.   Special assessment:    $100

Count Six: 18 U.S.C. § 1343 – Wire Fraud

1.   Imprisonment:          Maximum 30 years
2.   Fine:                  Maximum $1,000,000
3.   Supervised release:    5 years
4.   Special assessment:    $100

Count Seven: 18 U.S.C. §1956(h) – Conspiracy to Commit Money Laundering

1.   Imprisonment:          Maximum 20 years
2.   Fine:                  Maximum $500,000
3.   Supervised release:    3 years
4.   Special assessment:    $100

Count Eight: 18 U.S.C. §§1956(a)(2)(A) and 2 – Money Laundering and Aiding and Abetting

1.   Imprisonment:          Maximum 20 years
2.   Fine:                  Maximum $500,000
3.   Supervised release:    3 years
4.   Special assessment:    $100

Count Nine: 18 U.S.C. §§1956(a)(2)(A) and 2 – Money Laundering and Aiding and Abetting

1.   Imprisonment:          Maximum 20 years

2.  Fine:                Maximum $500,000
3.  Supervised release:   3 years
4.  Special assessment:   $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT   ☐ INFORMATION   ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

See attached

PENALTY:

See attached

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DEFENDANT - U.S.**

► MARTIN WILLIAM WASHBURN

**MHP**

DISTRICT COURT NUMBER

CR 09    0862

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

FBI, Ken Bagchi

☐ person is awaiting trial in another Federal or State Court, give name of court

_____

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

_____

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:        SHOW
☐ U.S. ATTORNEY  ☐ DEFENSE   } DOCKET NO.

_____

☐ this prosecution relates to a pending case involving this same defendant         MAGISTRATE
                                          CASE NO.
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this } defendant were recorded under

_____

Name and Office of Person
Furnishing Information on this form   JOSEPH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Christine Wong/Peter Axelrod

---

**DEFENDANT**

**IS NOT IN CUSTODY**
   Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior
      summons was served on above charges ►   n/a

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

_____

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction       }  ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
      If answer to (6) is "Yes", show name of institution

_____

Has detainer ☐ Yes   } If "Yes"
been filed?  ☐ No        give date
                          filed   _____

DATE OF        Month/Day/Year
ARREST
               _____

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ►  Month/Day/Year
TO U.S. CUSTODY
               _____

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT   Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

**\* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment**

Date/Time: _____   Before Judge: _____

Comments:

## Penalties

Count One: 18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud

1. Imprisonment: Maximum 30 years
2. Fine: Maximum $1,000,000
3. Supervised release: 5 years
4. Special assessment: $100

Count Two: 18 U.S.C. § 1343 – Wire Fraud

1. Imprisonment: Maximum 30 years
2. Fine: Maximum $1,000,000
3. Supervised release: 5 years
4. Special assessment: $100

Count Three: 18 U.S.C. § 1343 – Wire Fraud

1. Imprisonment: Maximum 30 years
2. Fine: Maximum $1,000,000
3. Supervised release: 5 years
4. Special assessment: $100

Count Four: 18 U.S.C. § 1343 – Wire Fraud

1. Imprisonment: Maximum 30 years
2. Fine: Maximum $1,000,000
3. Supervised release: 5 years
4. Special assessment: $100

Count Seven: 18 U.S.C. §1956(h) – Conspiracy to Commit Money Laundering

1. Imprisonment: Maximum 20 years
2. Fine: Maximum $500,000
3. Supervised release: 3 years
4. Special assessment: $100

Count Eight: 18 U.S.C. §§1956(a)(2)(A) and 2 – Money Laundering and Aiding and Abetting

1. Imprisonment: Maximum 20 years

2.    Fine:                  Maximum $500,000
3.    Supervised release:    3 years
4.    Special assessment:    $100

Count Nine: 18 U.S.C. §§1956(a)(2)(A) and 2 – Money Laundering and Aiding and Abetting

1.    Imprisonment:          Maximum 20 years
2.    Fine:                  Maximum $500,000
3.    Supervised release:    3 years
4.    Special assessment:    $100

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
| --- |
| NORTHERN DISTRICT OF CALIFORNIA |
| SAN FRANCISCO DIVISION |

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

**PENALTY:**

See attached

**DEFENDANT - U.S**

▶ TAPANI KOIVUNEN

DISTRICT COURT NUMBER

CR 09    0862    MHP

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

FBI, Ken Bagchi

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40.  Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
    ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form    JOSEPH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)    Christine Wong/Peter Axelrod

**DEFENDANT**

**IS _NOT_ IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges    n/a

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction    ☐ Federal  ☐ State

6) ☐ Awaiting trial on other charges
    If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes" give date filed
been filed?   ☐ No

DATE OF ARREST ▶    Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶    Month/Day/Year

☐ This report amends AO 257 previously submitted

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☐ SUMMONS  ☐ NO PROCESS*  ☒ WARRANT    Bail Amount: None

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Defendant Address:

Date/Time:    Before Judge:

Comments:

## Penalties

Count One: 18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud

1.  Imprisonment:          Maximum 30 years
2.  Fine:                  Maximum $1,000,000
3.  Supervised release:    5 years
4.  Special assessment:    $100

Count Seven: 18 U.S.C. §1956(h) – Conspiracy to Commit Money Laundering

1.  Imprisonment:          Maximum 20 years
2.  Fine:                  Maximum $500,000
3.  Supervised release:    3 years
4.  Special assessment:    $100

Count Eight: 18 U.S.C. §§1956(a)(2)(A) and 2 – Money Laundering and Aiding and Abetting

1.  Imprisonment:          Maximum 20 years
2.  Fine:                  Maximum $500,000
3.  Supervised release:    3 years
4.  Special assessment:    $100

Count Nine: 18 U.S.C. §§1956(a)(2)(A) and 2 – Money Laundering and Aiding and Abetting

1.  Imprisonment:          Maximum 20 years
2.  Fine:                  Maximum $500,000
3.  Supervised release:    3 years
4.  Special assessment:    $100

AO 257 (Rev. 6/78)

# DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony ✚

**PENALTY:**

See attached

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**DEFENDANT - U.S.**

CLERK, U.S. DISTRICT COURT
► IRINA REBEGENEAU

**DISTRICT COURT NUMBER** 0862 *MHP*

---

**DEFENDANT**

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

FBI, Ken Bagchi

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
} MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   JOSEPH P. RUSSONIELLO

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Christine Wong/Peter Axelrod

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ► n/a

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

**DATE OF ARREST** ► Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ► Month/Day/Year

☐ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

**PROCESS:**
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

Comments:

Bail Amount: None

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____ Before Judge: _____

## Penalties

Count One: 18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud

1.    Imprisonment:           Maximum 30 years
2.    Fine:                   Maximum $1,000,000
3.    Supervised release:     5 years
4.    Special assessment:     $100

1 | JOSEPH P. RUSSONIELLO (CABN 44332)            FILED
2 | United States Attorney
                                                      AUG 27 P 3:21
3
4
5
6
7
8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13 | UNITED STATES OF AMERICA,          )   No.
                                         )
14 |                                     )   INDICTMENT
       v.                                )
15 |                                     )   VIOLATIONS: 18 U.S.C. §
       DONALD DANIELS,                   )   1349–Conspiracy to Commit Mail and Wire
16 | MARTIN WILLIAM WASHBURN,            )   Fraud; 18 U.S.C. § 1343–Wire Fraud; 18
       TAPANI KOIVUNEN, and              )   U.S.C. § 1956(h)–Conspiracy to Commit
17 | IRINA REBEGENEAU,                   )   Money Laundering; 18 U.S.C. §§
                                         )   1956(a)(2)(A) and 2–Money Laundering and
18 |                                     )   Aiding and Abetting; 18 U.S.C. §
       Defendants.                       )   981(a)(1)(C), 28 U.S.C. §
19 |                                     )   2461(c)–Forfeiture of Fraud Proceeds; 18
                                         )   U.S.C. § 982(a)–Money Laundering
20 |                                     )   Forfeiture
                                         )
21 |                                     )
                                         )
22 | _____ )

23                       INDICTMENT

24 | The Grand Jury charges:

25                      INTRODUCTION

26 | At all times relevant to this Indictment:

27 | 1.      The Overseas Private Investment Corporation ("OPIC") was a United States

28 | governmental agency, located in Washington, D.C., whose mission was to encourage U.S.-based

INDICTMENT                  1

1  companies to invest in overseas business projects. To do so, OPIC provided, among other things,

2  loans to small businesses for investments in overseas projects. To qualify for a small business

3  loan, the U.S. business, also called the "U.S. Sponsor," had to own at least 25% of the overseas

4  project. To apply for a small business loan, the borrower had to submit an application form,

5  including a detailed business plan and cash flow projections, and each sponsor of the borrower

6  had to complete and submit a Sponsor Disclosure Report.

7       2.     Golden Sierra Partners, LLC ("GSP"), was a company established under the laws

8  of the State of Nevada. According to corporate records, the company was 50.46% owned by

9  FoodPro International, Inc. ("FoodPro"), 35.78% owned by AS Vahenurme Agro ("ASV"), a

10  company established in Estonia, and 13.76% owned by Golden Sierra Management, LLC

11  ("GSM"). FoodPro's offices were in Stockton, California, and San Jose, California.

12       3.     According to submissions made to OPIC, GSP's purpose was to establish a state-

13  of-the-art milling and bakery operation in Estonia. GSP was to be capitalized by approximately

14  $16.5 million. $8.9 million of the capital would be provided by a small business loan from OPIC

15  to GSP. The remaining $7.6 million would be equity investment contributions from FoodPro,

16  ASV, and GSM (collectively, "GSP's Members"). For the purposes of the OPIC loan, FoodPro

17  was the U.S. sponsor of GSP.

18                           The Defendants

19       4.     MARTIN WILLIAM WASHBURN was the founder and president of FoodPro

20  and the corporate secretary of GSP. IRINA REBEGENEAU was a project manager/engineer at

21  FoodPro.

22       5.     TAPANI KOIVUNEN was the chief executive officer ("CEO") of GSM and

23  chairman and CEO of GSP.

24       6.     DONALD DANIELS was managing member of the Eagle Jack Group and

25  authorized agent of Treston Enterprises.

26  //

27  //

28  //

INDICTMENT                     2

1  COUNT ONE:       [18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud]

2                                     The Conspiracy

3       7.      Beginning on a date unknown to the Grand Jury, but no later than March 2003,

4  and continuing up through and including May 2005, in the Northern District of California and

5  elsewhere, the defendants,

6

7                              DONALD DANIELS,
                          MARTIN WILLIAM WASHBURN,
8                             TAPANI KOIVUNEN, and
                            IRINA REBEGENEAU,
9

10  and others known and unknown to the Grand Jury, did knowingly conspire to commit offenses

11  against the United States, to wit: (1) mail fraud, in violation of Title 18, United States Code,

12  Section 1341 and (2) wire fraud, in violation of Title 18, United States Code, Section 1343.

13                               Objects of the Conspiracy

14                                       Mail Fraud

15      8.      It was a part and object of the conspiracy that DANIELS, WASHBURN,

16  KOIVUNEN, and REBEGENEAU, and others known and unknown to the Grand Jury, having

17  devised and intending to devise a material scheme and artifice to defraud, and to obtain money

18  and property by means of materially false and fraudulent pretenses, representations, and

19  promises, did cause to be delivered matters and things by mail and private or commercial

20  interstate carrier for the purpose of executing such scheme and artifice, all in violation of Title

21  18, United States Code, Section 1341.

22                                       Wire Fraud

23      9.      It was also a part and object of the conspiracy that DANIELS, WASHBURN,

24  KOIVUNEN, and REBEGENEAU, and others known and unknown to the Grand Jury, having

25  devised and intending to devise a material scheme and artifice to defraud, and to obtain money

26  and property by means of materially false and fraudulent pretenses, representations, and

27  promises, did transmit and cause to be transmitted by means of wire communications in interstate

28  and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing

INDICTMENT                                3

1  such scheme and artifice, all in violation of Title 18, United States Code, Section 1343.

2  
<center>The Scheme to Defraud</center>

3      10.    Beginning on a date unknown to the Grand Jury, but no later than March 2003,

4  and continuing up through and including May 2005, DANIELS, WASHBURN, KOIVUNEN,

5  and REBEGENEAU, and others known and unknown to the Grand Jury, orchestrated a

6  fraudulent scheme to defraud OPIC and to obtain a loan of approximately $9.4 million from

7  OPIC to fund GSP.

8      11.    To obtain the loan from OPIC, the defendants submitted to OPIC documents with

9  materially false and fraudulent representations, including, among others: they (1) that GSP's

10  Members would provide GSP with approximately $7.6 million in equity, including

11  approximately $3.8 million in cash from FoodPro and approximately $700,000 in cash from

12  ASV; (2) that the cost estimates for equipment set forth in the financial plan would be accurate;

13  and (3) that FoodPro had no related companies. In so doing, the defendants made the following

14  material omissions, among others: (1) what was represented to be cash equity in GSP was

15  actually a loan from DANIELS; (2) the amount spent by GSP on equipment would be far less

16  than what was reported; and (3) the purchase of equipment for GSP would not be arms-length

17  transactions between unrelated parties.

18      12.    In addition to the material misrepresentations and omissions set forth in paragraph

19  11, the defendants also made the following material misrepresentations and omissions, among

20  others, to obtain the loan disbursements from OPIC: (1) provided to OPIC falsified invoices that

21  contained inflated equipment prices and that concealed the close relationship of the companies

22  involved in the underlying transactions; (2) withheld bank statements from OPIC that would have

23  demonstrated that the cash equity was immediately returned to DANIELS; (3) made false

24  assurances to OPIC regarding the progress of the project; and (4) affirmed and reaffirmed the

25  accuracy of the completeness and truthfulness of their disclosures to OPIC.

26      13.    OPIC made loan disbursements to GSP by wire transfers of money, which were

27  processed through San Francisco, California, to GSP's bank account in San Jose, California.

28  //

INDICTMENT                            4

1

Overt Acts

2    14.    In furtherance of the conspiracy and to effect its illegal objects, DANIELS,

3  WASHBURN, KOIVUNEN, and REBEGENEAU, the defendants, committed the following

4  overt acts, among others, in the Northern District of California and elsewhere:

5         (a)    On or about March 14, 2003, WASHBURN sent to OPIC an application

6  for a loan from OPIC to GSP.

7         (b)    On or about May 2, 2003, WASHBURN sent by facsimile from San Jose,

8  California to OPIC, a letter of intent from DANIELS to invest up to $3.8 million in GSP.

9         (c)    On or about May 2, 2003, KOIVUNEN sent by electronic mail to OPIC a

10  description of the proposed equity from GSP's Members.

11         (d)    In or about June 2003, DANIELS, WASHBURN, KOIVUNEN and an

12  unindicted co-conspirator attended a meeting in Stockton, California, and discussed, among other

13  things, the cash equity contribution to and the budget for GSP.

14         (e)    On or about June 13, 2003, WASHBURN sent by facsimile from San Jose,

15  California, to OPIC, with copies to KOIVUNEN and DANIELS, a retainer letter agreement.

16         (f)    On or about September 25, 2003, OPIC and GSP entered into a loan

17  agreement by which GSP would receive approximately $9.4 million.

18         (g)    From on or about September 22, 2003, to and including on or about

19  October 29, 2003, DANIELS transferred, or caused to be transferred, a total of approximately

20  $3.8 million by five wire transfers from an account held at Charles Schwab in San Francisco,

21  California (the "Schwab Account"), to GSP's bank account held at Wells Fargo in San Jose,

22  California (the "Golden Sierra Account"), representing FoodPro's cash equity interest in GSP.

23         (h)    On or about October 20, 2003, REBEGENEAU sent by facsimile and by

24  mail from Stockton, California, to OPIC documents for Golden Sierra's First Disbursement

25  Application, signed by WASHBURN.

26         (i)    On or about November 3, 2003, and on or about November 11, 2003,

27  DANIELS transferred, or caused to be transferred, a total of approximately $700,000 by two wire

28  transfers from the Schwab Account to ASV's bank account held at Nordea Bank in Estonia,

INDICTMENT                              5

1 | representing ASV's equity interest in GSP.

2 | (j) On or about December 2, 2003, WASHBURN sent a letter from San Jose,
3 | California, to OPIC, detailing information necessary to complete the loan documentation,
4 | including ostensibly documentation of equipment purchases and evidence of wire transfers
5 | representing the alleged cash equity contributions from GSP's Members.

6 | (k) On or about December 24, 2003, OPIC wired the first loan disbursement
7 | of approximately $4.2 million, which was processed through San Francisco, California, to GSP's
8 | bank account in San Jose, California.

9 | (l) On or about December 24, 2003, DANIELS sent an e-mail to
10 | REBEGENEAU regarding a draft of GSP's financial plan.

11 | (m) On or about September 2, 2004, WASHBURN sent by facsimile from
12 | Stockton, California, to OPIC, a progress report dated August 31, 2004, regarding GSP.

13 | (n) On or about September 3, 2004, WASHBURN sent by facsimile from
14 | Stockton, California, to OPIC, the second disbursement request.

15 | (o) On or about October 19, 2004, OPIC wired the second loan disbursement
16 | of approximately $3.7 million, which was processed through San Francisco, California, to GSP's
17 | bank account in San Jose, California.

18 | (p) On or about February 28, 2005, WASHBURN sent an e-mail to OPIC
19 | regarding OPIC's tour of GSP's facilities in Estonia.

20 | (q) On or about March 21, 2005, WASHBURN sent by facsimile from
21 | Stockton, California, to OPIC, a letter providing an explanation for a wire transfer of $810,000 to
22 | KOIVUNEN and providing an accounting of the second disbursement from OPIC.

23 | All in violation of Title 18, United States Code, Section 1349.

24 |

25 | COUNTS TWO THROUGH FOUR: [18 U.S.C. § 1343 – Wire Fraud]

26 | 15. The allegations contained in paragraphs 1 through 14 are repeated and realleged as
27 | though fully set forth herein.

28 | 16. On or about the dates set forth below, in the Northern District of California and

INDICTMENT 6

1  elsewhere, defendant

2  MARTIN WILLIAM WASHBURN,

3  having devised and intending to devise a material scheme and artifice to defraud, and to obtain
4  money and property by means of materially false and fraudulent pretenses, representations, and
5  promises, did knowingly transmit and cause to be transmitted by means of wire, radio and
6  television communication in interstate and foreign commerce, writings, signs, signals, pictures
7  and sounds, to wit, WASHBURN caused the communications set forth below to be transferred
8  by wire from Stockton, California, to the Overseas Private Investment Corporation ("OPIC"),
9  located in Washington, D.C., for the purpose of executing the scheme to defraud and fraudulently
10 obtaining a loan from OPIC set forth above:

11

| COUNT | DATES | SUBSTANCE OF WIRE COMMUNICATION |
|---|---|---|
| TWO | September 2, 2004 | Facsimile of progress report to OPIC |
| THREE | September 3, 2004 | Facsimile of second disbursement request to OPIC |
| FOUR | February 28, 2005 | E-mail to OPIC regarding OPIC's tour of facilities in Estonia |

16  All in violation of Title 18, United States Code, Section 1343.

17

18  COUNTS FIVE AND SIX:          [18 U.S.C. § 1343 – Wire Fraud]

19      17.    The allegations contained in paragraphs 1 through 14 are repeated and realleged as
20  though fully set forth herein.

21      18.    On or about the dates set forth below, in the Northern District of California and
22  elsewhere, defendant

23  DONALD DANIELS,

24  having devised and intending to devise a material scheme and artifice to defraud, and to obtain
25  money and property by means of materially false and fraudulent pretenses, representations, and
26  promises, did knowingly transmit and cause to be transmitted by means of wire, radio and
27  television communication in interstate and foreign commerce, writings, signs, signals, pictures
28  and sounds, to wit, DANIELS caused money to be transferred by wire from San Francisco,

INDICTMENT          7

1  California, to a bank account located outside the United States, as set forth below, for the

2  purpose of executing the scheme to defraud and fraudulently obtaining a loan from OPIC, as set

3  forth above:

| COUNT | APPROXIMATE DATES | SUBSTANCE OF WIRE TRANSFER |
|-------|-------------------|---------------------------|
| FIVE | November 3, 2003 | Wire transfer of approximately $300,000 from San Francisco, California, to Estonia. |
| SIX | November 11, 2003 | Wire transfer of approximately $400,000 from San Francisco, California, to Estonia. |

9      All in violation of Title 18, United States Code, Section 1343.

10  COUNT SEVEN:      [18 U.S.C. § 1956(h)–Conspiracy to Commit Money Laundering]

11      19.      The allegations contained in paragraphs 1 to 14 of this Indictment are realleged as

12  though fully set forth herein.

13      20.      Beginning at a time unknown, but no later than in or about June 2003, and

14  continuing to and including in or about December 2003, in the Northern District of California

15  and elsewhere, the defendants

16
                                DONALD DANIELS,
17                 MARTIN WILLIAM WASHBURN, and
                             TAPANI KOIVUNEN,
18

19  and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to

20  transport, transmit, and transfer funds from a place in the United States to a place outside the

21  United States with the intent to promote the carrying on of specified unlawful activity (namely,

22  mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in

23  violation of Title 18, United States Code, Section 1343), in violation of Title 18, United States

24  Code, Section 1956(a)(2)(A), to wit, DANIELS, WASHBURN, and KOIVUNEN conspired to

25  have money transferred by wire from an account located in San Francisco, California, to a bank

26  account located in Estonia, for the purpose of executing the scheme to defraud and fraudulently

27  obtaining a loan from the Overseas Private Investment Corporation, as set forth above.

28      All in violation of Title 18, United States Code, Section 1956(h).

INDICTMENT                                          8

1    COUNTS EIGHT AND NINE:    [18 U.S.C. §§ 1956(a)(2)(A) and 2–Money Laundering
                                         and Aiding and Abetting]

2

3      21.    The allegations contained in paragraphs 1 to 14 of this Indictment are realleged as

4  though fully set forth herein.

5      22.    Beginning at a time unknown, but no later than in or about June 2003, and

6  continuing to and including in or about December 2003, in the Northern District of California

7  and elsewhere, defendants

8                                 DONALD DANIELS,
9               MARTIN WILLIAM WASHBURN, and
                          TAPANI KOIVUNEN,

10 and others known and unknown to the Grand Jury, did knowingly and intentionally transport,

11 transmit, and transfer funds from a place in the United States to a place outside the United States

12 with the intent to promote the carrying on of specified unlawful activity (namely, mail fraud, in

13 violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18,

14 United States Code, Section 1343), to wit, DANIELS, WASHBURN, and KOIVUNEN caused

15 money to be transferred by wire from an account located in San Francisco, California to a bank

16 account located in Estonia, for the purpose of executing the scheme to defraud and fraudulently

17 obtaining a loan from the Overseas Private Investment Corporation, as set forth above, and did

18 aid and abet such conduct, as set forth below:

| COUNT | APPROXIMATE DATES | SUBSTANCE OF TRANSFER |
|-------|-------------------|------------------------|
| EIGHT | November 3, 2003 | Wire transfer of approximately $300,000 from San Francisco, California, to Estonia. |
| NINE | November 11, 2003 | Wire transfer of approximately $400,000 from San Francisco, California, to Estonia. |

24      All in violation of Title 18, United States Code, Section 1956(a)(2)(A) and 2.

25

26   FIRST FORFEITURE ALLEGATION:    [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

27      23.    The allegations contained in Counts One through Six of this Indictment are

28 alleged as though fully set forth herein.

INDICTMENT                 9

1      24.    Upon a conviction of any of the offenses alleged in Counts One through Six of

2 this Indictment, the defendants

3 DONALD DANIELS,
MARTIN WILLIAM WASHBURN,
4 TAPANI KOIVUNEN, and
IRINA REBEGENEAU,
5

6 shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C)

7 and Title 28, United States Code, Section 2461(c), any property, real or personal, which

8 constitutes or is derived from proceeds traceable to those offenses.

9      25.    If, as a result of any act or omission of the defendants, any of said property:

10          a.    cannot be located upon the exercise of due diligence;

11          b.    has been transferred or sold to, or deposited with, a third party;

12          c.    has been placed beyond the jurisdiction of the court;

13          d.    has been substantially diminished in value; or

14          e.    has been commingled with other property which cannot be divided without

15               difficulty,

16 the defendant shall forfeit any and all interest that the defendant has in other property, not to

17 exceed the value of the property subject to forfeiture under this provision, pursuant to Title 21,

18 United States Code, Section 853(p), as incorporated in Title 28, United States Code, Section

19 2461(c).

20

21 SECOND FORFEITURE ALLEGATION:   [18 U.S.C. § 982(a)(1)]

22      26.    The allegations contained in Counts Seven through Nine of this Indictment are

23 alleged as though fully set forth herein.

24      27.    Upon a conviction of any of the offenses alleged in Counts Seven through Nine of

25 this Indictment, the defendants

26 DONALD DANIELS,
MARTIN WILLIAM WASHBURN, and
27 TAPANI KOIVUNEN,

28 shall forfeit to the United States, pursuant to Title 21, United States Code, Section 982(a)(1), any

INDICTMENT                     10

property, real or personal, involved in such offense, and any property traceable to such property.

28. If, as a result of any act or omission of the defendants, any of said property:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the defendants shall forfeit any and all interest that the defendants have in other property, not to exceed the value of the property subject to forfeiture under this provision, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1).

DATED: 8-27-09

A TRUE BILL

FOREPERSON

JOSEPH P. RUSSONIELLO
United States Attorney

BRIAN J. STRETCH
Chief, Criminal Division

(Approved as to form:
AUSA Peter B. Axelrod
AUSA Christine Y. Wong
Trial Attorney Krista Tongring