# United States District Court

### FOR THE
### NORTHERN DISTRICT OF CALIFORNIA

VENUE: SAN FRANCISCO

*C 09- 862 MHP*

UNITED STATES OF AMERICA,

V.

**ISSUE SUMMONS**

DONALD DANIELS,
MARTIN WILLIAM WASHBURN,
TAPANI KOIVUNEN,
IRINA REBEGENEAU, and
SERGEI VLADIMIROVICH SHKURKIN

DEFENDANT(S).

## SUPERSEDING INDICTMENT

18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud
18 U.S.C. § 1343 – Wire Fraud
18 U.S.C. § 1956(h)–Conspiracy to Commit Money Laundering
18 U.S.C. §§ 1956(a)(2)(A) and 2–Money Laundering and Aiding and Abetting
18 U.S.C. § 894–Conspiracy to Collect Extensions of Credit by Extortionate Means
18 U.S.C. §§ 894 and 2–Use of Extortionate Means to Collect Extensions of Credit

A true bill.

_____
Foreman

Filed in open court this _____ day of

*October, 2009*

BRENDA TOLBERT
Clerk

Bail, $ _____

_____
Maria Elena James
United States Chief Magistrate Judge

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☒ SUPERSEDING

**OFFENSE CHARGED**

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

See attached

PENALTY:

See attached

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**

▶ DONALD DANIELS

DISTRICT COURT NUMBER

CR 09-00862 MHP

---

**PROCEEDING**

Name of Complaintant Agency, or Person (& Title, if any)

FBI, Ken Bagchi

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on this form    JOSEPH P. RUSSONIELLO

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Christine Wong/Peter Axelrod

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶ n/a

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
} ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes
been filed? ☐ No
} If "Yes" give date filed

**DATE OF ARREST** ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☒ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

Comments:

Bail Amount: None

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 10/19/2009 at 9:30 a.m    Before Judge: Elizabeth D. Laporte

Penalties

Count One: 18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 30 years |
| 2. | Fine: | Maximum $1,000,000 |
| 3. | Supervised release: | 5 years |
| 4. | Special assessment: | $100 |

Count Five: 18 U.S.C. § 1343 – Wire Fraud

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 30 years |
| 2. | Fine: | Maximum $1,000,000 |
| 3. | Supervised release: | 5 years |
| 4. | Special assessment: | $100 |

Count Six: 18 U.S.C. § 1343 – Wire Fraud

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 30 years |
| 2. | Fine: | Maximum $1,000,000 |
| 3. | Supervised release: | 5 years |
| 4. | Special assessment: | $100 |

Count Seven: 18 U.S.C. §1956(h) – Conspiracy to Commit Money Laundering

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 20 years |
| 2. | Fine: | Maximum $500,000 |
| 3. | Supervised release: | 3 years |
| 4. | Special assessment: | $100 |

Count Eight: 18 U.S.C. §§1956(a)(2)(A) and 2 – Money Laundering and Aiding and Abetting

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 20 years |
| 2. | Fine: | Maximum $500,000 |
| 3. | Supervised release: | 3 years |
| 4. | Special assessment: | $100 |

Count Nine: 18 U.S.C. §§1956(a)(2)(A) and 2 – Money Laundering and Aiding and Abetting

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 20 years |

| | | |
|---|---|---|
| 2. | Fine: | Maximum $500,000 |
| 3. | Supervised release: | 3 years |
| 4. | Special assessment: | $100 |

Count Ten: 18 U.S.C. § 894–Conspiracy to Collect Extensions of Credit by Extortionate Means

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 20 years |
| 2. | Fine: | Maximum $500,000 |
| 3. | Supervised release: | 3 years |
| 4. | Special assessment: | $100 |

Count Eleven: 18 U.S.C. §§ 894 and 2–Use of Extortionate Means to Collect Extensions of Credit

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 20 years |
| 2. | Fine: | Maximum $500,000 |
| 3. | Supervised release: | 3 years |
| 4. | Special assessment: | $100 |

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT

☒ SUPERSEDING

**OFFENSE CHARGED**

See attached

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

**PENALTY:**

See attached

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

**DEFENDANT - U.S**

▶ MARTIN WILLIAM WASHBURN

DISTRICT COURT NUMBER

CR 09-00862 MHP

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

FBI, Ken Bagchi

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY ☐ DEFENSE

**SHOW DOCKET NO.**

☐ this prosecution relates to a pending case involving this same defendant

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

**MAGISTRATE CASE NO.**

Name and Office of Person
Furnishing Information on this form    JOSEPH P. RUSSONIELLO

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Christine Wong/Peter Axelrod

---

**DEFENDANT**

**IS NOT IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶ n/a

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction

} ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes    If "Yes"
been filed?    ☐ No    } give date filed

**DATE OF ARREST** ▶ Month/Day/Year

Or... if Arresting Agency & Warrant were not

**DATE TRANSFERRED TO U.S. CUSTODY** ▶ Month/Day/Year

☒ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

**PROCESS:**

☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

Comments:

Bail Amount: None

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 10/19/2009 at 9:30 a.m.    Before Judge: Elizabeth D. Laporte

Penalties

Count One: 18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 30 years |
| 2. | Fine: | Maximum $1,000,000 |
| 3. | Supervised release: | 5 years |
| 4. | Special assessment: | $100 |

Count Two: 18 U.S.C. § 1343 – Wire Fraud

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 30 years |
| 2. | Fine: | Maximum $1,000,000 |
| 3. | Supervised release: | 5 years |
| 4. | Special assessment: | $100 |

Count Three: 18 U.S.C. § 1343 – Wire Fraud

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 30 years |
| 2. | Fine: | Maximum $1,000,000 |
| 3. | Supervised release: | 5 years |
| 4. | Special assessment: | $100 |

Count Four: 18 U.S.C. § 1343 – Wire Fraud

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 30 years |
| 2. | Fine: | Maximum $1,000,000 |
| 3. | Supervised release: | 5 years |
| 4. | Special assessment: | $100 |

Count Seven: 18 U.S.C. §1956(h) – Conspiracy to Commit Money Laundering

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 20 years |
| 2. | Fine: | Maximum $500,000 |
| 3. | Supervised release: | 3 years |
| 4. | Special assessment: | $100 |

Count Eight: 18 U.S.C. §§1956(a)(2)(A) and 2 – Money Laundering and Aiding and Abetting

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 20 years |

2.    Fine:                    Maximum $500,000
3.    Supervised release:      3 years
4.    Special assessment:      $100

Count Nine: 18 U.S.C. §§1956(a)(2)(A) and 2 – Money Laundering and Aiding and Abetting

1.    Imprisonment:            Maximum 20 years
2.    Fine:                    Maximum $500,000
3.    Supervised release:      3 years
4.    Special assessment:      $100

Count Ten: 18 U.S.C. § 894–Conspiracy to Collect Extensions of Credit by Extortionate Means

1.    Imprisonment:            Maximum 20 years
2.    Fine:                    Maximum $500,000
3.    Supervised release:      3 years
4.    Special assessment:      $100

Count Eleven: 18 U.S.C. §§ 894 and 2–Use of Extortionate Means to Collect Extensions of Credit

1.    Imprisonment:            Maximum 20 years
2.    Fine:                    Maximum $500,000
3.    Supervised release:      3 years
4.    Special assessment:      $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☒ SUPERSEDING

— OFFENSE CHARGED —

See attached

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony ➕

PENALTY:

See attached

─── Name of District Court, and/or Judge/Magistrate Location ───

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

┌─ DEFENDANT - U.S ─

▶ TAPANI KOIVUNEN

DISTRICT COURT NUMBER

CR 09-00862 MHP

──────────── DEFENDANT ────────────

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
summons was served on above charges ▶  n/a

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☒ On this charge

5) ☐ On another conviction  } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

─── PROCEEDING ───

Name of Complaintant Agency, or Person (& Title, if any)

FBI, Ken Bagchi

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY  ☐ DEFENSE
} SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant
☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under
} MAGISTRATE CASE NO.

Name and Office of Person
Furnishing Information on this form  JOSEPH P. RUSSONIELLO

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)  Christine Wong/Peter Axelrod

Has detainer been filed? ☐ Yes ☐ No } If "Yes" give date filed

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY ▶  Month/Day/Year

☒ This report amends AO 257 previously submitted

─── ADDITIONAL INFORMATION OR COMMENTS ───

PROCESS:
☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance

Defendant Address:

Comments:

Bail Amount: None

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 10/19/2009 at 9:30 a.m  Before Judge: Elizabeth D. Laporte

Penalties

Count One: 18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud

1.  Imprisonment:        Maximum 30 years
2.  Fine:                Maximum $1,000,000
3.  Supervised release:  5 years
4.  Special assessment:  $100

Count Seven: 18 U.S.C. §1956(h) – Conspiracy to Commit Money Laundering

1.  Imprisonment:        Maximum 20 years
2.  Fine:                Maximum $500,000
3.  Supervised release:  3 years
4.  Special assessment:  $100

Count Eight: 18 U.S.C. §§1956(a)(2)(A) and 2 – Money Laundering and Aiding and Abetting

1.  Imprisonment:        Maximum 20 years
2.  Fine:                Maximum $500,000
3.  Supervised release:  3 years
4.  Special assessment:  $100

Count Nine: 18 U.S.C. §§1956(a)(2)(A) and 2 – Money Laundering and Aiding and Abetting

1.  Imprisonment:        Maximum 20 years
2.  Fine:                Maximum $500,000
3.  Supervised release:  3 years
4.  Special assessment:  $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT

☒ SUPERSEDING

**OFFENSE CHARGED**

☐ Petty

See attached

☐ Minor

☐ Misde-meanor

☒ ☒ Felony

PENALTY:

See attached

---

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**DEFENDANT - U.S**

▸ IRINA REBEGENEAU

DISTRICT COURT NUMBER

CR 09-00862 MHP

---

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

FBI, Ken Bagchi

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:

☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form   JOSEPH P. RUSSONIELLO

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)   Christine Wong/Peter Axelrod

---

**DEFENDANT**

**IS *NOT* IN CUSTODY**

Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▸ n/a

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
6) ☐ Awaiting trial on other charges

☐ Federal ☐ State

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes"
been filed? ☐ No   give date filed

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▸ Month/Day/Year
TO U.S. CUSTODY

☒ This report amends AO 257 previously submitted

---

**ADDITIONAL INFORMATION OR COMMENTS**

PROCESS:

☒ SUMMONS ☐ NO PROCESS* ☐ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

Bail Amount: None

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment*

Date/Time: 10/19/2009 at 9:30 a.m.   Before Judge: Elizabeth D. Laporte

Comments:

## Penalties

Count One: 18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud

1.  Imprisonment:        Maximum 30 years
2.  Fine:                Maximum $1,000,000
3.  Supervised release:  5 years
4.  Special assessment:  $100

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☒ SUPERSEDING

Name of District Court, and/or Judge/Magistrate Location

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

—— OFFENSE CHARGED ——

☐ Petty

☐ Minor

☐ Misde-meanor

☒ Felony ✚

See attached

PENALTY:

See attached

—— DEFENDANT - U.S ——

▶ SERGEI VLADIMIROVICH SHKURKIN

DISTRICT COURT NUMBER

CR 09-00862 MHP

—————————— DEFENDANT ——————————

—————— PROCEEDING ——————

Name of Complainant Agency, or Person (& Title, if any)

FBI, Ken Bagchi

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:   **SHOW DOCKET NO.**

☐ U.S. ATTORNEY  ☐ DEFENSE }

☐ this prosecution relates to a pending case involving this same defendant   **MAGISTRATE CASE NO.**

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under }

Name and Office of Person
Furnishing Information on this form    JOSEPH P. RUSSONIELLO

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)    Christine Wong/Peter Axelrod

**IS *NOT* IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior summons was served on above charges ▶  n/a

2) ☐ Is a Fugitive

3) ☒ Is on Bail or Release from (show District)

Northern District of California

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction } ☐ Federal ☐ State

6) ☐ Awaiting trial on other charges

If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes   If "Yes" give date filed
been filed?  ☐ No  }

DATE OF ARREST ▶  Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶  Month/Day/Year
TO U.S. CUSTODY

☒ This report amends AO 257 previously submitted

——————— ADDITIONAL INFORMATION OR COMMENTS ———————

PROCESS:
☒ SUMMONS  ☐ NO PROCESS*  ☐ WARRANT

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance

Defendant Address:

Bail Amount: None

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: 10/6/2009 at 9:30 a.m    Before Judge: Elizabeth D. Laporte

Comments:

Penalties

Count One: 18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 30 years |
| 2. | Fine: | Maximum $1,000,000 |
| 3. | Supervised release: | 5 years |
| 4. | Special assessment: | $100 |

Count Ten: 18 U.S.C. § 894–Conspiracy to Collect Extensions of Credit by Extortionate Means

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 20 years |
| 2. | Fine: | Maximum $500,000 |
| 3. | Supervised release: | 3 years |
| 4. | Special assessment: | $100 |

Count Eleven: 18 U.S.C. §§ 894 and 2–Use of Extortionate Means to Collect Extensions of Credit

| | | |
|---|---|---|
| 1. | Imprisonment: | Maximum 20 years |
| 2. | Fine: | Maximum $500,000 |
| 3. | Supervised release: | 3 years |
| 4. | Special assessment: | $100 |

1  JOSEPH P. RUSSONIELLO (CABN 44332)
   United States Attorney
2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                    SAN FRANCISCO DIVISION

12

13  | UNITED STATES OF AMERICA, | ) | No. CR 09-0862 MHP |
    |---|---|---|

14  | | ) | SUPERSEDING INDICTMENT |
        v.

15  DONALD DANIELS,                          VIOLATIONS: 18 U.S.C. §
                                             1349–Conspiracy to Commit Mail and Wire
16  MARTIN WILLIAM WASHBURN,                 Fraud; 18 U.S.C. § 1343–Wire Fraud; 18
    TAPANI KOIVUNEN,                         U.S.C. § 1956(h)–Conspiracy to Commit
17  IRINA REBEGENEAU, and                    Money Laundering; 18 U.S.C. §§
    SERGEI VLADIMIROVICH SHKURKIN,           1956(a)(2)(A) and 2–Money Laundering and
18                                           Aiding and Abetting; 18 U.S.C. §
                                             894–Conspiracy to Collect Extensions of
19       Defendants.                         Credit by Extortionate Means; 18 U.S.C. §§
                                             894 and 2–Collect Extensions of Credit by
20                                           Extortionate Means; 18 U.S.C. §
                                             981(a)(1)(C), 28 U.S.C. §
21                                           2461(c)–Forfeiture of Fraud Proceeds; 18
                                             U.S.C. § 982(a)–Money Laundering
22                                           Forfeiture

23

24                    SUPERSEDING INDICTMENT

25  The Grand Jury charges:

26                         INTRODUCTION

27      At all times relevant to this Indictment:

28      1.    The Overseas Private Investment Corporation ("OPIC") was a United States

SUPERSEDING INDICTMENT
CR 09-0862 MHP                        1

1  governmental agency, located in Washington, D.C., whose mission was to encourage U.S.-based
2  companies to invest in overseas business projects. To do so, OPIC provided, among other things,
3  loans to small businesses for investments in overseas projects. To qualify for a small business
4  loan, the U.S. business, also called the "U.S. Sponsor," had to own at least 25% of the overseas
5  project. To apply for a small business loan, the borrower had to submit an application form,
6  including a detailed business plan and cash flow projections, and each sponsor of the borrower
7  had to complete and submit a Sponsor Disclosure Report.

8      2.      Golden Sierra Partners, LLC ("GSP"), was a company established under the laws
9  of the State of Nevada. According to corporate records, the company was 50.46% owned by
10 FoodPro International, Inc. ("FoodPro"), 35.78% owned by AS Vahenurme Agro ("ASV"), a
11 company established in Estonia, and 13.76% owned by Golden Sierra Management, LLC
12 ("GSM"). FoodPro's offices were in Stockton, California, and San Jose, California.

13     3.      According to submissions made to OPIC, GSP's purpose was to establish a state-
14 of-the-art milling and bakery operation in Estonia. GSP was to be capitalized by approximately
15 $16.5 million. $8.9 million of the capital would be provided by a small business loan from OPIC
16 to GSP. The remaining $7.6 million would be equity investment contributions from FoodPro,
17 ASV, and GSM (collectively, "GSP's Members"). For the purposes of the OPIC loan, FoodPro
18 was the U.S. sponsor of GSP.

### The Defendants

20     4.      MARTIN WILLIAM WASHBURN was the founder and president of FoodPro
21 and the corporate secretary of GSP. IRINA REBEGENEAU was a project manager/engineer at
22 FoodPro.

23     5.      TAPANI KOIVUNEN was the chief executive officer ("CEO") of GSM and
24 chairman and CEO of GSP.

25     6.      DONALD DANIELS was managing member of the Eagle Jack Group and
26 authorized agent of Treston Enterprises.

27     7.      SERGEI VLADIMIROVICH SHKURKIN was a member of Sergei Shkurkin and
28 Associates, LLC.

SUPERSEDING INDICTMENT
CR 09-0862 MHP          2

COUNT ONE:    [18 U.S.C. § 1349 – Conspiracy to Commit Mail and Wire Fraud]

### The Conspiracy

8.     Beginning on a date unknown to the Grand Jury, but no later than March 2003, and continuing up through and including May 2005, in the Northern District of California and elsewhere, the defendants,

DONALD DANIELS,
MARTIN WILLIAM WASHBURN,
TAPANI KOIVUNEN,
IRINA REBEGENEAU, and
SERGEI VLADIMIROVICH SHKURKIN,

and others known and unknown to the Grand Jury, did knowingly conspire to commit offenses against the United States, to wit: (1) mail fraud, in violation of Title 18, United States Code, Section 1341 and (2) wire fraud, in violation of Title 18, United States Code, Section 1343.

### Objects of the Conspiracy

### Mail Fraud

9.     It was a part and object of the conspiracy that DANIELS, WASHBURN, KOIVUNEN, REBEGENEAU and SHKURKIN, and others known and unknown to the Grand Jury, having devised and intending to devise a material scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did cause to be delivered matters and things by mail and private or commercial interstate carrier for the purpose of executing such scheme and artifice, all in violation of Title 18, United States Code, Section 1341.

### Wire Fraud

10.     It was also a part and object of the conspiracy that DANIELS, WASHBURN, KOIVUNEN, REBEGENEAU, and SHKURKIN, and others known and unknown to the Grand Jury, having devised and intending to devise a material scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, did transmit and cause to be transmitted by means of wire

SUPERSEDING INDICTMENT
CR 09-0862 MHP                                3

1    communications in interstate and foreign commerce, writings, signs, signals, pictures, and sounds
2    for the purpose of executing such scheme and artifice, all in violation of Title 18, United States
3    Code, Section 1343.

4                                    The Scheme to Defraud

5        11.    Beginning on a date unknown to the Grand Jury, but no later than March 2003,
6    and continuing up through and including May 2005, DANIELS, WASHBURN, KOIVUNEN,
7    REBEGENEAU, and SHKURKIN, and others known and unknown to the Grand Jury,
8    orchestrated a fraudulent scheme to defraud OPIC and to obtain a loan of approximately $9.4
9    million from OPIC to fund GSP.

10       12.    To obtain the loan from OPIC, the defendants submitted to OPIC documents with
11   materially false and fraudulent representations, including, among others: (1) that GSP's Members
12   would provide GSP with approximately $7.6 million in equity, including approximately $3.8
13   million in cash from FoodPro and approximately $700,000 in cash from ASV; (2) that the cost
14   estimates for equipment set forth in the financial plan would be accurate; and (3) that FoodPro
15   had no related companies. In so doing, the defendants made the following material omissions,
16   among others: (1) what was represented to be cash equity in GSP was actually a loan from
17   DANIELS; (2) the amount spent by GSP on equipment would be far less than what was reported;
18   and (3) the purchase of equipment for GSP would not be arms-length transactions between
19   unrelated parties.

20       13.    In addition to the material misrepresentations and omissions set forth in paragraph
21   12, the defendants also made the following material misrepresentations and omissions, among
22   others, to obtain the loan disbursements from OPIC: they (1) provided to OPIC falsified invoices
23   that contained inflated equipment prices and that concealed the close relationship of the
24   companies involved in the underlying transactions; (2) withheld bank statements from OPIC that
25   would have demonstrated that the cash equity was immediately returned to DANIELS; (3) made
26   false assurances to OPIC regarding the progress of the project; and (4) affirmed and reaffirmed
27   the accuracy of the completeness and truthfulness of their disclosures to OPIC.

28       14.    OPIC made loan disbursements to GSP by wire transfers of money, which were

SUPERSEDING INDICTMENT
CR 09-0862 MHP                                    4

1 | processed through San Francisco, California, to GSP's bank account in San Jose, California.

2 | Overt Acts

3 | 15. In furtherance of the conspiracy and to effect its illegal objects, DANIELS,

4 | WASHBURN, KOIVUNEN, REBEGENEAU, and SHKURKIN, the defendants, committed the

5 | following overt acts, among others, in the Northern District of California and elsewhere:

6 | (a) On or about March 14, 2003, WASHBURN sent to OPIC an application

7 | for a loan from OPIC to GSP.

8 | (b) On or about May 2, 2003, WASHBURN sent by facsimile from San Jose,

9 | California to OPIC, a letter of intent from DANIELS to invest up to $3.8 million in GSP.

10 | (c) On or about May 2, 2003, KOIVUNEN sent by electronic mail to OPIC a

11 | description of the proposed equity from GSP's Members.

12 | (d) In or about June 2003, DANIELS, WASHBURN, KOIVUNEN and

13 | SHKURKIN attended a meeting in Stockton, California, and discussed, among other things, the

14 | cash equity contribution to and the budget for GSP.

15 | (e) On or about June 13, 2003, WASHBURN sent by facsimile from San Jose,

16 | California, to OPIC, with copies to KOIVUNEN, DANIELS and SHKURKIN, a retainer letter

17 | agreement.

18 | (f) On or about September 25, 2003, OPIC and GSP entered into a loan

19 | agreement by which GSP would receive approximately $9.4 million.

20 | (g) From on or about September 22, 2003, to and including on or about

21 | October 29, 2003, DANIELS transferred, or caused to be transferred, a total of approximately

22 | $3.8 million by five wire transfers from an account held at Charles Schwab in San Francisco,

23 | California (the "Schwab Account"), to GSP's bank account held at Wells Fargo in San Jose,

24 | California (the "Golden Sierra Account"), representing FoodPro's cash equity interest in GSP.

25 | (h) On or about October 20, 2003, REBEGENEAU sent by facsimile and by

26 | mail from Stockton, California, to OPIC documents for Golden Sierra's First Disbursement

27 | Application, signed by WASHBURN.

28 | (i) On or about November 3, 2003, and on or about November 11, 2003,

SUPERSEDING INDICTMENT
CR 09-0862 MHP                                          5

1 | DANIELS transferred, or caused to be transferred, a total of approximately $700,000 by two wire

2 | transfers from the Schwab Account to ASV's bank account held at Nordea Bank in Estonia,

3 | representing ASV's equity interest in GSP.

4 | (j) On or about December 2, 2003, WASHBURN sent a letter from San Jose,

5 | California, to OPIC, detailing information necessary to complete the loan documentation,

6 | including ostensibly documentation of equipment purchases and evidence of wire transfers

7 | representing the alleged cash equity contributions from GSP's Members.

8 | (k) On or about December 24, 2003, OPIC wired the first loan disbursement

9 | of approximately $4.2 million, which was processed through San Francisco, California, to GSP's

10 | bank account in San Jose, California.

11 | (l) On or about December 24, 2003, DANIELS sent an e-mail to

12 | REBEGENEAU regarding a draft of GSP's financial plan.

13 | (m) On or about September 2, 2004, WASHBURN sent by facsimile from

14 | Stockton, California, to OPIC, a progress report dated August 31, 2004, regarding GSP.

15 | (n) On or about September 3, 2004, WASHBURN sent by facsimile from

16 | Stockton, California, to OPIC, the second disbursement request.

17 | (o) On or about October 19, 2004, OPIC wired the second loan disbursement

18 | of approximately $3.7 million, which was processed through San Francisco, California, to GSP's

19 | bank account in San Jose, California.

20 | (p) On or about February 28, 2005, WASHBURN sent an e-mail to OPIC

21 | regarding OPIC's tour of GSP's facilities in Estonia.

22 | (q) On or about March 21, 2005, WASHBURN sent by facsimile from

23 | Stockton, California, to OPIC, a letter providing an explanation for a wire transfer of $810,000 to

24 | KOIVUNEN and providing an accounting of the second disbursement from OPIC.

25 | All in violation of Title 18, United States Code, Section 1349.

26 | \\

27 | \\

28 | \\

SUPERSEDING INDICTMENT
CR 09-0862 MHP                                    6

1   COUNTS TWO THROUGH FOUR:      [18 U.S.C. § 1343 – Wire Fraud]

2        16.      The allegations contained in paragraphs 1 through 15 are repeated and realleged as

3   though fully set forth herein.

4        17.      On or about the dates set forth below, in the Northern District of California and

5   elsewhere, defendant

6                        MARTIN WILLIAM WASHBURN,

7   having devised and intending to devise a material scheme and artifice to defraud, and to obtain

8   money and property by means of materially false and fraudulent pretenses, representations, and

9   promises, did knowingly transmit and cause to be transmitted by means of wire, radio and

10   television communication in interstate and foreign commerce, writings, signs, signals, pictures

11   and sounds, to wit, WASHBURN caused the communications set forth below to be transferred

12   by wire from Stockton, California, to the Overseas Private Investment Corporation ("OPIC"),

13   located in Washington, D.C., for the purpose of executing the scheme to defraud and fraudulently

14   obtaining a loan from OPIC set forth above:

| COUNT | DATES | SUBSTANCE OF WIRE COMMUNICATION |
|---|---|---|
| TWO | September 2, 2004 | Facsimile of progress report to OPIC |
| THREE | September 3, 2004 | Facsimile of second disbursement request to OPIC |
| FOUR | February 28, 2005 | E-mail to OPIC regarding OPIC's tour of facilities in Estonia |

20        All in violation of Title 18, United States Code, Section 1343.

21

22   COUNTS FIVE AND SIX:       [18 U.S.C. § 1343 – Wire Fraud]

23        18.      The allegations contained in paragraphs 1 through 15 are repeated and realleged as

24   though fully set forth herein.

25        19.      On or about the dates set forth below, in the Northern District of California and

26   elsewhere, defendant

27                        DONALD DANIELS,

28   having devised and intending to devise a material scheme and artifice to defraud, and to obtain

SUPERSEDING INDICTMENT
CR 09-0862 MHP                   7

money and property by means of materially false and fraudulent pretenses, representations, and promises, did knowingly transmit and cause to be transmitted by means of wire, radio and television communication in interstate and foreign commerce, writings, signs, signals, pictures and sounds, to wit, DANIELS caused money to be transferred by wire from San Francisco, California, to a bank account located outside the United States, as set forth below, for the purpose of executing the scheme to defraud and fraudulently obtaining a loan from OPIC, as set forth above:

| COUNT | APPROXIMATE DATES | SUBSTANCE OF WIRE TRANSFER |
|-------|-------------------|----------------------------|
| FIVE | November 3, 2003 | Wire transfer of approximately $300,000 from San Francisco, California, to Estonia. |
| SIX | November 11, 2003 | Wire transfer of approximately $400,000 from San Francisco, California, to Estonia. |

All in violation of Title 18, United States Code, Section 1343.

COUNT SEVEN:     [18 U.S.C. § 1956(h)–Conspiracy to Commit Money Laundering]

20.     The allegations contained in paragraphs 1 to 15 of this Indictment are realleged as though fully set forth herein.

21.     Beginning at a time unknown, but no later than in or about June 2003, and continuing to and including in or about December 2003, in the Northern District of California and elsewhere, the defendants

DONALD DANIELS,
MARTIN WILLIAM WASHBURN, and
TAPANI KOIVUNEN,

and others known and unknown to the Grand Jury, did knowingly and intentionally conspire to transport, transmit, and transfer funds from a place in the United States to a place outside the United States with the intent to promote the carrying on of specified unlawful activity (namely, mail fraud, in violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18, United States Code, Section 1343), in violation of Title 18, United States Code, Section 1956(a)(2)(A), to wit, DANIELS, WASHBURN, and KOIVUNEN conspired to

SUPERSEDING INDICTMENT
CR 09-0862 MHP                                          8

1    have money transferred by wire from an account located in San Francisco, California, to a bank

2    account located in Estonia, for the purpose of executing the scheme to defraud and fraudulently

3    obtaining a loan from the Overseas Private Investment Corporation, as set forth above.

4        All in violation of Title 18, United States Code, Section 1956(h).

6    COUNTS EIGHT AND NINE:      [18 U.S.C. §§ 1956(a)(2)(A) and 2–Money Laundering and Aiding and Abetting]

7

8       22.     The allegations contained in paragraphs 1 to 15 of this Indictment are realleged as though fully set forth herein.

9

10       23.     Beginning at a time unknown, but no later than in or about June 2003, and continuing to and including in or about December 2003, in the Northern District of California

11    and elsewhere, defendants

12

13
### DONALD DANIELS,
### MARTIN WILLIAM WASHBURN, and
### TAPANI KOIVUNEN,

14

15    and others known and unknown to the Grand Jury, did knowingly and intentionally transport,

16    transmit, and transfer funds from a place in the United States to a place outside the United States

with the intent to promote the carrying on of specified unlawful activity (namely, mail fraud, in

17    violation of Title 18, United States Code, Section 1341, and wire fraud, in violation of Title 18,

18    United States Code, Section 1343), to wit, DANIELS, WASHBURN, and KOIVUNEN caused

19    money to be transferred by wire from an account located in San Francisco, California to a bank

20    account located in Estonia, for the purpose of executing the scheme to defraud and fraudulently

21    obtaining a loan from the Overseas Private Investment Corporation, as set forth above, and did

22    aid and abet such conduct, as set forth below:

23    \\

24    \\

25    \\

26    \\

27    \\

28

SUPERSEDING INDICTMENT
CR 09-0862 MHP           9

| COUNT | APPROXIMATE DATES | SUBSTANCE OF TRANSFER |
|-------|-------------------|------------------------|
| EIGHT | November 3, 2003 | Wire transfer of approximately $300,000 from San Francisco, California, to Estonia. |
| NINE | November 11, 2003 | Wire transfer of approximately $400,000 from San Francisco, California, to Estonia. |

All in violation of Title 18, United States Code, Section 1956(a)(2)(A) and 2.

COUNT TEN:        [18 U.S.C. § 894–Conspiracy to Collect Extensions of Credit by Extortionate Means]

24.        The allegations contained in paragraphs 1 through 15 are repeated and realleged as though fully set forth herein.

25.        From in or about October 2004, to and including on or about November 15, 2004, in the Northern District of California and elsewhere, the defendants

DONALD DANIELS,
MARTIN WILLIAM WASHBURN, and
SERGEI VLADIMIROVICH SHKURKIN,

and others known and unknown, did knowingly conspire to participate in the use of extortionate means to collect, and attempt to collect an extension of credit, as these terms are defined in Title 18, United States Code, Section 891, and to punish persons for the nonrepayment thereof, to wit, DANIELS, WASHBURN, and SHKURKIN agreed to threaten the use of violence and other criminal means to collect at least approximately $600,000 from persons to whom DANIELS had made a loan, all in violation of Title 18, United States Code, Section 894.

COUNT ELEVEN:        [18 U.S.C. §§ 894 and 2–Use of Extortionate Means to Collect Extensions of Credit]

26.        The allegations contained in paragraphs 1 through 15 are repeated and realleged as though fully set forth herein.

27.        From in or about October 2004, to and including on or about November 15, 2004, in the Northern District of California and elsewhere, the defendants

DONALD DANIELS,

SUPERSEDING INDICTMENT
CR 09-0862 MHP                                    10

MARTIN WILLIAM WASHBURN, and
SERGEI VLADIMIROVICH SHKURKIN,

and others known and unknown, unlawfully, willfully and knowingly did participate in the use of

extortionate means to collect and attempt to collect an extension of credit, as these terms are

defined in Title 18, United States Code, Section 891, and to punish persons for the nonrepayment

thereof, to wit, DANIELS, WASHBURN and SHKURKIN threatened to use violence and other

criminal means to collect at least approximately $600,000 from persons to whom DANIELS had

made a loan, all in violation of Title 18, United States Code, Sections 894 and 2.


FIRST FORFEITURE ALLEGATION:      [18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

28.      The allegations contained in Counts One through Six and Ten through Eleven of

this Indictment are alleged as though fully set forth herein.

29.      Upon a conviction of any of the offenses alleged in Counts One through Six and

Ten through Eleven of this Indictment, the defendants

DONALD DANIELS,
MARTIN WILLIAM WASHBURN,
TAPANI KOIVUNEN,
IRINA REBEGENEAU, and
SERGEI VLADIMIROVICH SHKURKIN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C)

and Title 28, United States Code, Section 2461(c), any property, real or personal, which

constitutes or is derived from proceeds traceable to those offenses.

30.      If, as a result of any act or omission of the defendants, any of said property:

a.      cannot be located upon the exercise of due diligence;

b.      has been transferred or sold to, or deposited with, a third party;

c.      has been placed beyond the jurisdiction of the court;

d.      has been substantially diminished in value; or

e.      has been commingled with other property which cannot be divided without
difficulty,

the defendant shall forfeit any and all interest that the defendant has in other property, not to

SUPERSEDING INDICTMENT
CR 09-0862 MHP                                11

1  exceed the value of the property subject to forfeiture under this provision, pursuant to Title 21,

2  United States Code, Section 853(p), as incorporated in Title 28, United States Code, Section

3  2461(c).

4

5  SECOND FORFEITURE ALLEGATION:  [18 U.S.C. § 982(a)(1)]

6      31.    The allegations contained in Counts Seven through Nine of this Indictment are

7  alleged as though fully set forth herein.

8      32.    Upon a conviction of any of the offenses alleged in Counts Seven through Nine of

9  this Indictment, the defendants

10                 DONALD DANIELS,
        MARTIN WILLIAM WASHBURN, and

11                 TAPANI KOIVUNEN,

12 shall forfeit to the United States, pursuant to Title 21, United States Code, Section 982(a)(1), any

13 property, real or personal, involved in such offense, and any property traceable to such property.

14     33.    If, as a result of any act or omission of the defendants, any of said property:

15         a.    cannot be located upon the exercise of due diligence;

16         b.    has been transferred or sold to, or deposited with, a third party;

17         c.    has been placed beyond the jurisdiction of the court;

18         d.    has been substantially diminished in value; or

19         e.    has been commingled with other property which cannot be divided without

20             difficulty,

21 the defendants shall forfeit any and all interest that the defendants have in other property, not to

22 exceed the value of the property subject to forfeiture under this provision, pursuant to Title 21,

23 \\

24 \\

25 \\

26 \\

27 \\

28 \\

SUPERSEDING INDICTMENT
CR 09-0862 MHP                 12

1  United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section

2  982(b)(1).

3

4  DATED:                                    A TRUE BILL

5  October 1, 2009

6

7                                            _____
                                             Tynda Benjamin
                                             FOREPERSON

8

9  JOSEPH P. RUSSONIELLO
   United States Attorney

10

11

12  BRIAN J. STRETCH
    Chief, Criminal Division

13

14

15  (Approved as to form: _____ )
                          AUSA Peter B. Axelrod
                          AUSA Christine Y. Wong
16                        Trial Attorney Krista Tongring

17

18

19

20

21

22

23

24

25

26

27

28

SUPERSEDING INDICTMENT
CR 09-0862 MHP                              13