Mary McNamara, SBN 147131
SWANSON & McNAMARA LLP
300 Montgomery Street, Suite 1100
San Francisco, California 94104
Telephone: (415) 477-3800
Facsimile: (415) 477-9010

Attorney for DONALD DANIELS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No.  CR 09-0862 MHP |
| Plaintiff, | STIPULATION AND [PROPOSED] ORDER **VACATING THE MARCH 22, 2010** STATUS CONFERENCE DATE AND **SETTING APRIL 26, 2010** AS A MOTIONS HEARING DATE |
| vs. | |
| DONALD DANIELS, et al. | |
| Defendants. | |

      Defendants Donald Daniels, by and through his counsel, Mary McNamara, Martin William Washburn, by and through his counsel Nanci Clarence, Sergei Shurkin, by and through his counsel, William Portanova, Tapani Koivunen, by and through his counsel, Harry Singer, and Irina Rebegeneau, by and through her counsel, Anthony Brass, on the one hand ("Defendants") and the United States, by and through its counsel, Assistant United States Attorney Christine Wong, hereby request vacation of the March 22, 2010 status date in favor of the setting of a motions hearing date of April 26, 2010. Counsel requests this continuance on the following grounds:

      1.      The government has thus far produced approximately 35,000 pages of documents, comprising a compilation of e-mail correspondence, financial documents, audit reports, interview memoranda and documents from the alleged victim agency, the Overseas Private Investment Corporation.  Defense counsel have been diligent in their review of this material, but

the volume is such that review is only partially completed.

2. Although discovery review is ongoing, defense counsel have determined that they have a basis for two legal challenges to the superseding indictment. The first is a motion to dismiss counts ten and eleven of the indictment (conspiracy to violate 18 U.S.C. § 894 and a substantive violation of 18 U.S.C. § 894 – conspiracy to and use of extortionate means to collect extensions of credit, respectively) on the grounds that these charges constitute an invalid extraterritorial application of the extortion statute. The second is an alternative motion to sever these extortion counts from the remaining wire fraud and money laundering counts in the indictment. Defense counsel will file these motions by March 29, 2010 and suggest the following further briefing schedule on these two motions:

        Opposition by the United States                       April 12, 2010

        Reply by the defense                               April 19, 2010

3. The defense also is in the process of meeting and conferring with the United States with respect to additional discovery concerning two pre-indictment statute of limitations extensions obtained by the United States in this case. It is anticipated that such discovery will be provided within the next week or so. The discovery on this issue may provide a basis for a third defense motion to dismiss on statute of limitations grounds.

4. Given the pending request for additional targeted discovery sought by the defense on the statute of limitations issue, and the work that will be required to review and analyze the remainder of the original 35,000 page production, the defense seeks permission of the Court to stage the motions practice in this case such that the first wave of motions (to dismiss the extortion counts or alternatively, to sever them for trial) be heard on April 26, 2010 with a successive wave to be heard at a time and under a briefing schedule to be set by the Court at the April 26, 2010 motions hearing date.

5. The parties agree that time should be excluded from March 22, 2010 to April 26, 2010 pursuant to 18 U.S.C. § 3161(h)(8)(A) and (B)(iv) on the basis that the ends of justice served by excluding time as above-stated outweigh the best interest of the public and the defendants in a speedy trial, because the defense requires the requested time in order to prepare

1  its motions and to further review the voluminous discovery in this case, as well as to determine if
2  further motions may be brought in this case, and failure to grant the requested continuance and
3  time exclusion would unreasonably deny the defendants the reasonable time necessary for
4  effective preparation in this case.

5      IT IS SO STIPULATED.

6  Dated: March 18, 2010

7                    _____/s/_____
                     MARY McNAMARA
                     Attorney for DONALD DANIELS

8  Dated: March 18, 2010

9                    _____/s/_____
                     NANCI CLARENCE
10                   Attorney for WILLIAM WASHBURN

11 Dated: March 18, 2010

12                   _____/s/_____
                     WILLIAM PORTANOVA
                     Attorney for SERGEI SHURKIN
13

14 Dated: March 18, 2010

15                   _____/s/_____
                     HARRY SINGER
                     Attorney for TAPANI KOIVUNEN
16

17 Dated: March 18, 2010

18                   _____/s/_____
                     ANTHONY BRASS
                     Attorney for IRINA REBEGENEAU
19

20
   Dated: March 18, 2010    _____/s/_____
21                          CHRISTINE WONG
                            Assistant United States Attorney
22

23

24      PURSUANT TO STIPULATION, IT IS ORDERED AS FOLLOWS:

25

26

27 Dated: 3/18/2010         _____
                            HON. Marilyn H. Patel
28

IT IS SO ORDERED
Judge Marilyn H. Patel

3